**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**PETER GONZALEZ and FRANCESCA**
**GONZALEZ,**

                                   **Plaintiffs,**

                          v.                                                                                              1:06-CV-1023
                                                                                                              (FJS/RFT)

**GARY L. SHARPE, U. S. District**
**Judge United States District Court**
**Northern District of New York,**

                                   **Defendant.**

---

**APPEARANCES**

**PETER GONZALEZ**
**FRANCESCA GONZALEZ**
Schoharie, New York 12157
Plaintiffs *pro se*

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

    The Clerk of the Court has sent Plaintiffs' complaint and their application to proceed *in forma pauperis* to the Court for its review.[1] *See* Dkt. Nos. 1-2.

### II. DISCUSSION

    After reviewing the information that Plaintiffs provided in their *in forma pauperis* application, the Court concludes that they meet the financial criteria for commencing this action

---

[1] Plaintiffs have not paid the statutory filing fee for this action.

*in forma pauperis*. Therefore, the Court must now consider the sufficiency of the allegations set forth in their complaint in light of 28 U.S.C. § 1915(e). Section 1915(e) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[2] Thus, although the court has the duty to show liberality towards *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and "extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond, . . ." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted), the court also has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed with an action *in forma pauperis*.[3]

The only Defendant that Plaintiffs have named in their complaint is "Gary L. Sharpe, U.S. District Judge United States District Court Northern District of New York." *See* Dkt. No. 1. Plaintiffs complain about a Decision and Order that Defendant Judge Sharpe issued in an earlier action that Plaintiffs commenced in this District. *See Gonzalez v. Spain*, No. 1:06-CV-898 (GLS/RFT). In *Spain*, Defendant Judge Sharpe dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), because the defendants, five justices of the Appellate Division, Third Department,

---

[2] To determine whether an action is frivolous, the court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

[3] Dismissal of frivolous actions pursuant to 28 U.S.C. § 1915(e) is appropriate to prevent abuses of the process of the court, *see Harkins v. Eldredge*, 505 F.2d 802, 804 (8th Cir. 1974), as well as "to discourage the filing of, and waste of judicial resources[,]" *Neitzke*, 490 U.S. at 327.

and a justice of the Schoharie County Court, were absolutely immune from liability on Plaintiffs' claims. *See Spain*, No. 1:06-CV-0898, at Dkt. No. 3 (Decision and Order filed July 27, 2006).[4] Plaintiffs claim that Defendant Judge Sharpe improperly dismissed their complaint to "cover-up" the *Spain* defendants' wrongdoing and that Defendant Judge Sharpe's certification pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from the Decision and Order would not be taken in good faith was "fraudulent." *See* Dkt. No. 1 at 5. Plaintiffs request that the Court fine and/or imprison Defendant Judge Sharpe. *See id.* at 20-21. In the alternative, Plaintiffs ask this Court to "intervene" with their appeal in *Spain* and "allow Plaintiffs to proceed with [that] legal action," in which event Plaintiffs state that they will "drop all causes of action and criminal charges" against Defendant Judge Sharpe. *See id.* at 21.

In essence, Plaintiffs seek to invoke this Court's federal question jurisdiction, asserting claims against Defendant for the violation of their constitutional rights. *See* Dkt. No. 1 at 2. Plaintiffs' claim arise, if at all, pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* actions, although not precisely parallel, are the analog to actions pursuant to 42 U.S.C. § 1983 against state actors, and the constitutional standard of review is the same for either type of action. *See Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995) (per curiam). Thus, "federal courts have typically incorporated § 1983 law into *Bivens* actions." *Id.* (citations omitted).

The proper avenue for challenging a judicial determination is on direct appeal, not by seeking a declaration that the presiding judge's decision violated the litigant's constitutional

---

[4] Plaintiffs have filed an appeal from this Decision and Order to the United States Court of Appeals for the Second Circuit. *See Spain*, 1:06-CV-898, at Dkt. No. 5 (Notice of Appeal filed August 24, 2006).

rights. *See Montesano v. New York*, Nos. 05 CV 9574, 05 CV 10624, 2006 WL 944285, *4 (S.D.N.Y. Apr. 12, 2006).[5] "Neither damages, injunctive nor declaratory relief is available to be used as a vehicle for disgruntled litigants to reverse adverse judgments." *Montesano*, 2006 WL 944285, at *4.

"Judicial immunity has been created both by statute and by judicial decision 'for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of the consequences.'" *Huminski v. Corsones*, 396 F.3d 53, 74 (2d Cir. 2005) (quoting *Pierson v. Ray*, 386 U.S. 547, 554, 87 S. Ct. 1213, 18 L. Ed. 2d 288 (1967)) (other citation and footnote omitted). The law in this Circuit clearly provides that "[j]udges enjoy absolute immunity from personal liability [under Section 1983] for 'acts committed within their judicial jurisdiction.'" *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994) (quoting *Pierson v. Ray*, 386 U.S. 547, 87 S. Ct. 1213, 18 L. Ed. 2d 288 (1967)). "The absolute immunity of a judge applies '"however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff."'" *Id.* (quotation omitted). Thus, under the common-law doctrine of judicial immunity, a judge is absolutely immune from a suit for monetary damages unless (1) the actions giving rise to the suit were "not taken in the judge's judicial capacity" or (2) the suit arises from actions that the judge took "in the complete absence of all jurisdiction." *Huminski v. Corsones*, 386 F.3d 116, 137-38 (2d Cir. 2004) (citations omitted).

---

[5] "Although the First Amendment grants an individual the right to sue in court, it does not afford the party the right to obtain a particular result." *Montesano*, 2006 WL 944285, at *3 (citing cases). Thus, an adverse judicial decision does not constitute a violation of the right to petition the government for the redress of grievances. Similarly, "[d]issatisfaction with a court's ruling does not amount to a deprivation of one's due process rights." *Id.*

Similarly, injunctive relief is not available in an action pursuant to 42 U.S.C. § 1983 against a judicial officer for acts taken in that official's judicial capacity "unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. This provision, enacted in 1996 as section 309(c) of the Federal Courts Improvement Act, Publ. L. No. 104-317, 110 Stat. 3847 (1996), legislatively reversed the decision in *Pulliam v. Allen*, 466 U.S. 522 (1984), in which the Supreme Court held that "judicial immunity is not a bar to prospective injunctive relief against a judicial officer acting in her judicial capacity." *Id.* at 541-42. As with § 1983 law generally, this legislative restoration of judicial immunity has been deemed applicable to *Bivens* actions against federal judicial officers. *See Jones v. Newman*, No. 98 Civ. 7460, 1999 WL 493429, *7 (S.D.N.Y. June 30, 1999); *Kampfer v. Scullin*, 989 F. Supp. 194, 201 (N.D.N.Y. 1997) (citation omitted).

Plaintiffs' claims against Defendant Judge Sharpe arise solely from the performance of his judicial duties in presiding over *Spain* and determining the sufficiency of Plaintiffs' complaint in that action. Redress of Plaintiffs' claims lies with the Court of Appeals.[6] Plaintiffs do not claim that Defendant Judge Sharpe violated a declaratory decree or that declaratory relief is unavailable. Therefore, the doctrine of judicial immunity bars Plaintiffs' claims against Defendant Judge Sharpe, and the Court must dismiss their complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

Finally, insofar as Plaintiffs seek the imposition of criminal penalties against Defendant Judge Sharpe, this Court has no authority to grant such relief to Plaintiffs. "It is well settled that

---

[6] This Court has no authority to "intervene" with Plaintiffs' appeal in *Spain*, which is pending before the Second Circuit.

a private citizen has no right to prosecute a federal crime." *People v. Muka*, 440 F. Supp. 33, 36 (N.D.N.Y. 1977) (citing *Connecticut Action Now, Inc. v. Roberts Plating Company, Inc.*, 457 F.2d 81, 86 (2d Cir. 1972)) (other citations omitted). A criminal prosecution is intended to protect the rights of the United States as a whole, not to vindicate private rights; and the United States Attorney "possesses an absolute and unreviewable discretion as to what crimes to prosecute." *Id.* (citing 28 U.S.C. § 547(1)) (other citation omitted).

### III. CONCLUSION

Accordingly, have reviewed the entire file in this matter and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B); and the Court further

**ORDERS** that Plaintiff's application to proceed *in forma pauperis* is **DENIED AS MOOT**; and the Court further;

**CERTIFIES** that any appeal from this matter would not be taken in good faith, *see* 28 U.S.C. § 1915(a)(3); and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on Plaintiffs

**IT IS SO ORDERED.**

Dated: September 8, 2006
      Syracuse, New York

                                                Frederick J. Scullin, Jr.
                                                Senior United States District Court Judge